IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40458
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO VILLARREAL-ALVARADO,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CR-B-95-311-01)
_____

April 8, 1997

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This appeal presents the question whether the United States Border Patrol Agent who stopped the appellant's automobile, and subsequently found over 300 pounds of marijuana in the trunk, was justified in making the stop based upon a reasonable suspicion that the automobile was engaged in illegal activity. After reading the briefs submitted to this court and reviewing the record, we conclude that the stop was lawful and affirm the conviction.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The appellant was traveling north on Highway 77 in Rancho Viejo, Texas--approximately 10 miles from the Mexican border-- shortly after midnight, when he was stopped by a United States Border Patrol Agent.  At the time of the stop, the appellant was driving a 1984 Oldsmobile with Wisconsin tags and was traveling within the posted speed limit for the area.

Upon making the stop, the agent asked the appellant if he would open the trunk of the car, which the agent noted appeared to be heavily loaded.  The appellant consented, then, before opening the trunk admitted to the agent that the trunk contained drugs. The agent arrested the appellant and searched the trunk, finding over 300 pounds of marijuana.

The appellant was charged with conspiracy and possession with intent to distribute more than 100 kilograms of marijuana.  The appellant moved to suppress the evidence, contending that the stop was not supported by a reasonable suspicion.  The district court denied the motion to suppress, and the appellant subsequently entered into a plea agreement whereby he pleaded guilty to the possession with intent to distribute charge in exchange for a dismissal of the conspiracy charge and a government recommendation that he be sentenced to a term near the minimum allowed under the guidelines.  The agreement was entered without prejudice to the

appellant's right to appeal the denial of his motion to suppress. The appellant was sentenced to a term of 37 months imprisonment, to be followed by 3 years of supervised release.

The appellant now appeals the denial of his motion to suppress.

II

A United States Border Patrol Agent on roving patrol is justified in stopping a vehicle if he reasonably suspects, based on specific articulable facts together with rational inferences from the facts, that the vehicle might be engaged in illegal activity. United States v. Castenedo, 951 F.2d 44, 46 (5th Cir. 1992) (citing United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975)). The existence of reasonable suspicion is determined based upon the totality of the circumstances known to the agent at the time of the stop and the agent's experience in evaluating such circumstances. Id. at 47. Factors that an agent may consider when deciding whether reasonable suspicion justifies a stop include: (1) the characteristics of the area where the car is located; (2) the proximity to the border; (3) the ordinary traffic patterns of the road or highway; (4) the agent's previous experience with alien traffic; (5) information regarding illegal border crossings in the area; (6) the driver's behavior; (7) the vehicle's appearance; and (8) the number, appearance and actions of the passengers.

Brignoni-Ponce, 422 U.S. at 885; United States v. Melendez-Gonzalez, 727 F.2d 407, 410-11 (5th Cir. 1984). We review the district court's finding of reasonable suspicion de novo. Casteneda, 951 F.2d at 47.

The appellant contends that the totality of the circumstances did not give rise to a reasonable suspicion of wrongdoing such that the agent was justified in stopping his automobile. We disagree.

The agent responsible for the stop testified that the rear of the appellant's car appeared to be heavily loaded, as the rear lights were almost touching the ground. In Brignoni-Ponce, the Supreme Court expressly noted that "[a]spects of the vehicle itself may justify suspicion," including an appearance of being heavily loaded. Brignoni-Ponce, 422 U.S. at 885.

Also in support of the stop, the government points out that Highway 77 is a road commonly used by smugglers bringing drugs or illegal immigrants into the country. Although "merely being on a road frequently used for illegal activity is insufficient to justify an investigative stop," United States v. Diaz, 977 F.2d 163, 165 (5th Cir. 1992), this is clearly one of the factors contemplated by Brignoni-Ponce and weighs in favor of the validity of the stop. The same is true of the proximity of the stop to the Mexican border. The appellant was only ten miles from the border

at the time of the stop, obviously a factor to be considered in analyzing the presence of reasonable suspicion of illegal activity.

Furthermore, the appellant was driving an older model car with out-of-state license plates. The agent stated that this aroused his suspicion because he knew, from his experience with the Border Patrol, that smugglers often drove older cars, because they were more affordable. Additionally, the agent stated that migrant workers in Texas often traveled from the Northern United States and sold their cars cheaply, thus, suggesting that the car in question might have been purchased for very little money by someone involved in smuggling activities. This factor weighs slightly in favor of the reasonableness of the stop, primarily because it is credible in the light of the agent's three years of experience with the border patrol.

In support of its finding of reasonable suspicion, the district court also noted that the car was traveling well below the posted speed limit and that the stop occurred just after midnight. It is unclear to us that either factor lends support to the reasonableness of the stop, because there is no evidence that either factor is characteristic of smuggling activities.

### III

In sum, we conclude that the totality of the circumstances support a finding that the agent had reasonable suspicion to stop

the appellant's automobile.  The appellant was ten miles north of the Mexican border on a road known to be a route commonly used by smugglers and was driving an automobile that appeared heavily loaded and that was of a type frequently identified with smuggling activities.  All of these factors, in combination, and the inferences that can reasonably be drawn from them support the legality of the stop.  The decision of the district court denying the appellant's motion to suppress is therefore

A F F I R M E D.